UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TED L. KUBALA, JR., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SUPREME PRODUCTION SERVICES, INC.,<br><br>　　　　Defendant. | ]<br>]<br>] No.<br>]<br>]<br>] JURY TRIAL DEMANDED<br>]<br>]<br>] FLSA COLLECTIVE ACTION<br>]<br>]<br>] |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Supreme Production Services, Inc. offers flowback, well testing, and other oilfield services. To provide these services, Supreme employs hundreds of workers. Most of these workers are paid a salary, but also receive an hourly field bonus.

2. Supreme's employees perform largely technical and manual labor type job duties for Supreme on a daily and weekly basis. Regularly, these workers use with their hands to operate oilfield machinery, open and shut valves, clean out separators, string together pipe, turn wrenches, swing hammers, and many other traditionally non-exempt job duties.

3. Supreme's employees routinely work in excess of 40 hours a week and are denied overtime, despite the non-exempt nature of their work.

4. Ted. J. Kubala, Jr. is one of the many employees, Supreme denies proper overtime wages. He brings this collective action to recover unpaid overtime and related damages owed to Supreme's workers.

## JURISDICTION & VENUE

5. This Court has federal question jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

7. Kubala was employed by Supreme in the Corpus Christi Division (where he also lives). Supreme paid Kubala a base salary and hourly bonus when working in the field. Although he regularly worked 80 or more hours in a week, Supreme did not pay Kubala overtime. His written consent is attached as Exhibit A.

8. Kubala brings this action on behalf of himself and all other similarly situated employees under § 16(b) of the FLSA (the "FLSA Class"). *See* 29 U.S.C. § 216(b).

9. The FLSA Class was subjected to the same unlawful policy as Kubala and is properly defined as:

> **All workers employed by Supreme in past 3 years who were paid a salary and received a field bonus.**

The members of the FLSA Class are easily ascertainable from Supreme's business records, particularly its personnel records.

10. **Supreme Production Services, In**c. is a Texas corporation. It may be served through its registered agent: **Steven W. Tipps at 480 County Rd. 372, Sandia, Texas 78383.**

## FACTS

11. Supreme operates throughout Texas.

12. It employs hundreds of workers.

13. Supreme's workers handle and/or work on goods or materials that moved in, or were produced for, interstate commerce.

14. For example, many of Supreme's employees use gloves, hand tools, high-pressure test equipment, lifts, steel-toe boots, and wrenches that moved in, or were produced for, commerce.

15. Supreme does more than 1 million dollars in business each year.

16. Since "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA[,]" *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 501–02 (5th Cir.1975), it would be silly for an employer with multi-state operations like Supreme to waste this Court's time arguing it is not a covered enterprise.

17. Kubala worked for Supreme as a field employee.

18. Supreme paid Kubala a salary and hourly bonus when he worked in the field.

19. Kubala regularly worked more than 40 hours a week.

20. Supreme typically scheduled Kubala for 12 hours of work a day.

21. While working in the oilfield, Kubala typically worked at least 12 hours a day.

22. Kubala regularly worked 7 days in a single week.

23. As a result, Kubala regularly worked 84 (or more) hours a week.

24. Supreme knew Kubala was working overtime since it scheduled him for as many as 84 hours a week.

25. When Kubala worked more than 40 hours in a week, Supreme failed to pay him overtime.

26. Under the FLSA, employees who perform largely technical and manual labor like Kubala are non-exempt and should be paid overtime when required to work over 40 hours in a single workweek.

27. Supreme did not provide Kubala with overtime pay.

28. As a result, Kubala is entitled to time and a half for all hours worked in excess of 40 in single week under the FLSA.

29. Supreme's failure to pay Kubala overtime pay was no accident.

30. Kubala worked with other Supreme employees working schedules similar to his own.

31. Supreme regularly schedules the workers in the FLSA Class for 12 hours of work per day.

32. Like Kubala, these workers regularly work 7 days per week.

33. Supreme knew the members of the FLSA Class were working overtime since it scheduled them for as many as 84 hours a week.

34. Supreme's records establish the FLSA Class regularly worked more than 40 (in fact, often more than 80) hours in a week.

35. Like Kubala, the workers in the FLSA Class receive were paid on a salary and received an hourly bonus when working in the field.

36. The FLSA Class performed the same technical and manual job duties as Kubala and was denied overtime pay for the same reasons.

37. Supreme knew, or showed regardless disregard for whether, its policy of denying overtime pay violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

38. Kubala brings his claim under the FLSA as a collective action.

39. The members of the FLSA Class are similarly situated to Kubala in all relevant respects.

40. The same policy that caused Kubala to be denied overtime pay caused Supreme's other salaried workers who received hourly field bonuses to be denied overtime pay as well.

41. While the precise job duties performed by the FLSA Class might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

42. Nor do any differences in job duties matter for determining whether Supreme's policy of denying overtime pay to those who perform largely technical and manual labor is legal (it isn't).

43. The members of the FLSA Class are all entitled to overtime after 40 hours in a week.

44. Because Supreme uniformly refused overtime to its salaried workers who received hourly field bonuses, Kubala and the FLSA Class are similarly situated within the meaning of 29 U.S.C. § 216(b).

45. Supreme employed more than 40 hourly employees like Kubala in the United States during the past 3 years.

46. These workers, who are members of the FLSA class, are geographically disbursed, residing and working in multiple states.

47. Because these workers do not have fixed work locations, these individuals may work in different states in the course of a given year.

48. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and Supreme will retain the proceeds of its violations of the FLSA.

49. Furthermore, individual litigation would be unduly burdensome to the judicial system.

50. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

**CAUSE OF ACTION**
**Violation of the FLSA**

51. Kubala incorporates the preceding paragraphs by reference.

52. At all relevant times, Supreme has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

53. Supreme employed Kubala and each member of the FLSA Class.

54. Supreme's pay policy denied Kubala and the FLSA Class overtime compensation as required by the FLSA.

55. Supreme's failure to pay Kubala and the FLSA Class overtime for primarily technical and manual labor work violates the FLSA.

56. Supreme's conduct, as described herein, was in willful violation of the FLSA.

57. Due to Supreme's FLSA violations, Kubala and the FLSA Class are entitled to recover from Supreme their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

58. Kubala demands a trial by jury.

## PRAYER

WHEREFORE, Kubala prays for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

b. A judgment against Supreme awarding Kubala and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    Andrew W. Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    adunlap@fibichlaw.com
    litkin@fibichlaw.com

    **AND**

    **BRUCKNER BURCH PLLC**
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**