UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **TED L. KUBALA, JR., TRENTON SCHULZE,** *et al.*, | ] | CASE NO. 2:15-cv-00116 |
| *Plaintiff*, | ] | |
| v. | ] | COLLECTIVE ACTION |
| **SUPREME PRODUCTION SERVICES, INC.** | ] | |
| *Defendant.* | ] | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS, AND IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Ted L. Kubala, Jr. and Trenton Schulze (Plaintiffs) filed this collective action to recover unpaid wages owed to employees of Supreme Production Services, Inc. (Supreme) under the Fair Labor Standards Act (FLSA). 29 U.S.C. 201, *et seq*. Supreme counterclaimed against Schulze alleging it "overpaid" him. ECF No. 12 at 14. Because Supreme simply paid Schulze his agreed upon wages, it did not "overpay" him at all. Thus, even if everything Supreme says is true – its claim fails as a matter of law. Supreme's counterclaim should be stricken or dismissed under Federal Rule of Civil Procedure 12(b)(6).

1.    **MOTION TO STRIKE SUPREME'S COUNTERCLAIM**

     A.    **SUMMARY**

Trenton Schulze is a named plaintiff in this collective FLSA action. ECF No. 10. Like most FLSA defendants, Supreme is apparently unhappy about being sued. But unlike most FLSA defendants, Supreme decided to retaliate by filing a frivolous counterclaim against Schulze. ECF No. 12, at 14. The crux of Supreme's counterclaim is – no kidding – this: If Schulze wins this case,

Supreme wants to recover the amount it says it wouldn't have paid him had it known Schulze was going to insist on Supreme following the law. This counterclaim is inappropriate.

This is in addition to the fact that the Fifth Circuit has repeatedly held this kind of "counterclaim" is impermissible in an FLSA action. *See Martin v. Pepsi Americas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010). Accordingly, Plaintiffs request the counterclaim be struck from the pleadings.

### B. SUPREME'S COUNTERCLAIM IS NOT APPROPRIATE IN AN FLSA ACTION.

"[C]ourts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it," because cluttering FLSA proceedings "with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Martin*, 628 F.3d at 740–41; *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

Based on this precedent, courts in the Fifth Circuit routinely dismiss and/or strike counterclaims filed in response to FLSA lawsuits. *See, e.g., Cordero v. Voltaire, LLC*, No. 13-CA-253, 2013 WL 6415667, at *6 (W.D. Tex. Dec. 6, 2013) ("The exercise of § 1367 supplemental jurisdiction over Defendant's counterclaims for theft, conversion, and breach of fiduciary duty would therefore not be appropriate here."); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743, 2012 WL 4119570, at *4 (N.D. Tex. Aug. 17, 2012) report and recommendation adopted, No. 3:11-CV-2743, 2012 WL 4169685 (N.D. Tex. Sept. 19, 2012) ("The breach of contract and unjust enrichment counterclaims for set-offs are not permitted in this FLSA action and should be dismissed without prejudice."); *Coronado v. D. N.W. Houston, Inc.*, No. CIV.A. H-13-2179, 2014 WL 2779548, at *4 (S.D. Tex. June 19, 2014); *Alford v. State Parking Servs., Inc.*, No. 3:13-CV-4546-L, 2014 WL 6977639, at *6 (N.D. Tex. Dec. 10, 2014).

The Fifth Circuit forbids counterclaims in FLSA cases because:

> The FLSA decrees a minimum unconditional payment and the commands of [the FLSA] are not vitiated by an employer…[The court's] sole function and duty under

2

>the Act is to assure the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The **only** economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. ***Setoffs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions…***

*Brennan*, 491 F.2d at 4 (emphasis added).

Supreme nonetheless improperly seeks a "setoff" against Schulze's FLSA award. *See Id.* As discussed in its counterclaim, Supreme asserts that it overpaid Schulze and its seeks to recover for these overpayments. ECF No. 12, at 14.

There is one exception. Counterclaims are sometimes permitted in FLSA suits where "the money being set-off can be considered wages that the employer prepaid the plaintiff-employee." *Martin*, 628 F.3d at 742; *see also Singer v. City of Waco*, 324 F.3d 813, 826 (5th Cir. 2003). However, alleged overpayments in a plaintiff's pay are "not pre-payments of Defendants' **overtime obligations**, and therefore, a set-off would be inappropriate" in such a situation. *Vizcaino v. Techcrete Contracting, Inc.*, No. A-13-CA-229-SS, 2014 WL 819449, at *3 (W.D. Tex. Mar. 3, 2014) (emphasis added) (striking an FLSA defendant's counterclaims). Because Supreme specifically alleges that it overpaid Schulze, its counterclaim does not fall into the sole exception to the rule that employers cannot file a counterclaim to an FLSA action.

Accordingly, Supreme's counterclaim is not appropriate in this FLSA collective action, and Plaintiffs respectfully request that the Court strike paragraphs 65 and 66 of Supreme's Answer and Counterclaim. ECF No. 12, at 14.

## 2. IN THE ALTERNATIVE, PLAINTIFF'S MOTION TO DISMISS SUPREME'S COUNTERCLAIM

### A. SUMMARY

In the event that the Court does not strike Supreme's counterclaim, the Court should dismiss it pursuant to FRCP 12(b)(6). Even when viewing Supreme's claim in the most favorable light, which is proper in considering a motion to dismiss, Supreme has not pleaded a viable cause of action and dismissal is proper.

### B. SUPREME HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In considering a motion to dismiss, all well-pled allegations must be accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For a Motion to Dismiss under FRCP 12(b)(6) to be granted, the moving party must demonstrate "beyond doubt" that "no set of facts" would entitle the non-moving party to relief. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). This standard is satisfied here, and dismissal is proper.

While Supreme does not identify a specific cause of action in its counterclaim, the gist of its allegations is that it overpaid Schulze by compensating him for time that he did not work (*e.g.*, holidays, vacations, sick days, etc.). ECF No. 12, at 14. An evaluation of Supreme's pleadings establishes that no set of facts can be proven that would entitle it to recover because all of Supreme's allegations are inconsistent with the facts that must be established for this claim to succeed.

Supreme does not allege that Schulze was an hourly employee. *See generally* ECF No. 12. Likewise, Supreme does not allege that it had an agreement with Schulze by which he would not be paid for holidays, vacations, sick days, etc. *Id.* In contrast, Supreme alleges and admits that Schulze was paid a "constant base amount per month." *Id.* at 4 & 14. Taking this as true, Schulze should have received a constant salary regardless of how much he worked in a given pay period. And this is fatal to Supreme's claim.

Supreme's claim, after all, is based on the idea that Schulze was "overpaid" because he did not work at certain times (*e.g.*, holidays, vacations, sick days, etc.). But Schulze could not have been overpaid when his base pay was set amount each week. Instead, if Schulze prevails, he is entitled to additional money for the overtime he worked. As such, Supreme's claim fails on its face, and dismissal is proper.

It appears that Supreme's flawed counterclaim is premised upon a misunderstanding of the FLSA. Supreme argues that "in the event the Court determines that Schulze is [a] nonexempt [employee,]" he was overpaid because he received a set amount of pay, regardless of how much he actually worked. Plaintiffs understand this statement to imply that Supreme believes that all employees that are not exempt from the overtime provisions of the FLSA are non-salaried (*e.g.*, hourly). This is false.

While there is some relationship between salary and exempt status,[1] an employee can be non-exempt for FLSA overtime purposes and still be paid a salary. *See, e.g.*, *Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591, 597 (E.D. Tex. 2003). Restated, a finding that Schulze is not exempt does not mean that he was an hourly employee who should not have been paid for time off (*e.g.*, holidays and vacation). Supreme's statement that its counterclaim is pleaded "in the event the Court determines that Schulze is nonexempt" is superfluous. ECF No. 12, at 14. Schulze was to be paid a constant base salary, and this isn't impacted by his exempt or non-exempt status.

---

[1] For instance, "[t]o qualify for an exemption as an administrative, executive or highly compensated employee under the Department of Labor's regulations, the employee must be paid on a 'salary basis' of not less than $455 per week." *Akins v. Worley Catastrophe Response*, LLC, No. CIV.A. 12-2401, 2013 WL 1907486, at *3 (E.D. La. May 8, 2013) (citation and footnote omitted). However, being paid on a "salary basis" is only one of the elements necessary to show that a party should be exempt from FLSA overtime requirements. *See, e.g.,* 29 C.F.R. § 541.100.

For these reasons, even if all of Supreme's allegations are accepted as true, it cannot recover under its counterclaim. Therefore, Plaintiffs respectfully request that Supreme's counterclaim be dismissed under FRCP 12(b)(6).

3. **CONCLUSION**

As discussed herein, Supreme's counterclaim is improper. Counterclaims like the one asserted by Supreme are highly disfavored in FLSA cases, and are commonly struck or dismissed in the Fifth Circuit. In the alternative, even if all of Supreme's allegations are accepted as true, its claim does not present a ground upon which relief can be granted, and thus, Plaintiffs respectfully request that Supreme's counterclaim be struck under FRCP 12(b)(6).

            Respectfully submitted,

          By: */s/ Michael A. Josephson*
            Michael A. Josephson
            Fed. Id. 27157
            State Bar No. 24014780
            mjosephson@fibichlaw.com
            Lindsay R. Itkin
            Fed Id. 1458866
            State Bar No. 24068647
            litkin@fibichlaw.com
            Andrew W. Dunlap
            Fed Id. 1093163
            State Bar No. 24078444
            adunlap@fibichlaw.com
            **FIBICH, LEEBRON, COPELAND,**
            **BRIGGS & JOSEPHSON**
            1150 Bissonnet
            Houston, Texas 77005
            713-751-0025 – Telephone
            713-751-0030 – Facsimile

          **AND**

        Richard J. (Rex) Burch
        Fed. Id. 21615
        Texas Bar No. 24001807
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

       **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

        **/s/** Richard J. (Rex) Burch
        _____
        Richard J. (Rex) Burch